UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER WALKER,

Plaintiff,

v.                                                              CASE NO.: 5:17-cv-88-Oc-37PRL

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
LEXISNEXIS RISK DATA RETRIEVAL
SERVICES, LLC

Defendants.

_____

### SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Christopher Walker (hereinafter "Walker"), by counsel, and, for cause of action against Defendants Trans Union, LLC (hereinafter "Trans Union"), Experian Information Solutions, Inc. (hereinafter "Experian") and LexisNexis Risk Data Retrieval Services, LLC (hereinafter "LexisNexis"), states the following:

1.

Plaintiff Christopher Walker is an adult resident citizen of Sumter County, Florida.

2.

Defendant Trans Union, LLC is a Delaware corporation registered to do business in the State of Florida and may be served with process upon the Prentice-Hall Corporation System, Inc., its registered agent for service of process, at 1201 Hays Street, Tallahassee, FL 32301.

3.

Defendant Experian Information Solutions, Inc. is an Ohio corporation registered to do

business in the State of Florida and may be served with process upon the CT Corporation System, its registered agent for service of process, at 1200 South Pine Island Road, Plantation, FL 33324.

4.

Defendant LexisNexis Risk Data Retrieval Services, LLC is a Georgia corporation registered to do business in the State of Florida and may be served with process upon CT Corporation System, its registered agent for service of process, at 1200 South Pine Island Road, Plantation, FL 33324.

5.

Defendants Trans Union and Experian are consumer reporting agencies, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Trans Union and Experian provide credit reports to third parties regarding consumers such as the Plaintiff.

6.

Defendant LexisNexis furnishes information to consumer reporting agencies and is thus also subject to the Fair Credit Reporting Act.

7.

The Plaintiff moved from Ohio to Florida in 2009.

8.

The State of Ohio erroneously issued a tax lien against the Plaintiff for the tax year 2009.

9.

At some point after the issuance of the erroneous tax lien against the Plaintiff, Defendant LexisNexis reported the erroneous tax lien to Defendants Trans Union and Experian, who then began reporting the erroneous tax lien as part of the Plaintiff's credit history.

10.

The Plaintiff disputed the inclusion of the erroneous tax lien on his credit reports to Defendants Trans Union and Experian on or about February 16, 2014.

11.

Pursuant to 15 U.S.C. § 1681i of the Fair Credit Reporting Act (hereinafter "FCRA"), Defendants Experian and Trans Union were required to perform reasonable investigations of the Plaintiff's disputes and to forward the Plaintiff's disputes to LexisNexis as the furnisher of the disputed information for LexisNexis to perform its own investigation.

12.

While, upon information and belief, they did forward the Plaintiff's disputes to LexisNexis, Defendants Experian and Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform their own reasonable investigations of the Plaintiff's disputes as required by § 1681i.

13.

Upon receipt of the Plaintiff's disputes to Defendants Trans Union and Experian, Defendant LexisNexis was required by 15 U.S.C. § 1681s-2(b) to perform its own reasonable investigations of the Plaintiff's disputes.

14.

Defendant LexisNexis negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes of the erroneous tax lien.

15.

In November, 2015, the Plaintiff again disputed the inclusion of the erroneous tax lien on his credit reports to Defendants Trans Union and Experian.

16.

Pursuant to 15 U.S.C. § 1681i of the Fair Credit Reporting Act (hereinafter "FCRA"), Defendants Experian and Trans Union were required to perform reasonable investigations of the Plaintiff's disputes and to forward the Plaintiff's disputes to Defendant LexisNexis. Upon receipt of the Plaintiff's disputes to Defendants Trans Union and Experian, Defendant LexisNexis was required by 15 U.S.C. § 1681s-2(b) to perform its own reasonable investigations of the Plaintiff's disputes.

17.

Defendants Experian and Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

18.

Defendant LexisNexis negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes of the erroneous tax lien.

19.

On or about February 23, 2016, the Plaintiff again disputed the inclusion of the erroneous tax lien on his credit reports to Defendants Trans Union and Experian.

20.

Pursuant to 15 U.S.C. § 1681i of the Fair Credit Reporting Act (hereinafter "FCRA"), Defendants Experian and Trans Union were required to perform reasonable investigations of the Plaintiff's disputes and to forward the Plaintiff's disputes to Defendant LexisNexis. Upon receipt of the Plaintiff's disputes to Defendants Trans Union and Experian, Defendant LexisNexis was required by 15 U.S.C. § 1681s-2(b) to perform its own reasonable investigations of the Plaintiff's

disputes.

21.

Defendants Experian and Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

22.

Defendant LexisNexis negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes of the erroneous tax lien.

23.

As a result of the negligent and/or willful violations of the Fair Credit Reporting Act by Defendants Experian, Trans Union and LexisNexis, the erroneous tax lien disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian and Trans Union.

24.

15 U.S.C. § 1681e(b) required Defendants Experian and Trans Union to follow reasonable procedures to assure maximum possible accuracy of the consumer reports they prepare regarding consumers such as the Plaintiff. Defendants Experian and Trans Union negligently and/or willfully violated 15 U.S.C. § 1681e(b) by reporting the erroneous tax lien on the Plaintiff's credit reports and by their continued reporting of the erroneous tax lien as part of the Plaintiff's credit history after the Plaintiff's disputes of the tax lien.

25.

As a result of the Defendants' negligent and/or willful violations of the Fair Credit Reporting Act, including 15 U.S.C. § 1681e(b), § 1681i and § 1681s-2(b), the Plaintiff has suffered multiple adverse actions and denials of credit.

26.

Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs. In addition, the Defendants' actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

27.

As a result of the Defendants' willful violations of 15 U.S.C. § 1681 *et seq.*, the Plaintiff is entitled to an award of punitive damages from the Defendants.

28.

The Defendants' actions and omissions are evidence of their recklessness, gross negligence, and a wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as the Plaintiff's emotional well being.

29.

Because of the acts and omissions of the Defendants, the Plaintiff has suffered financial loss, mental anxiety, emotional suffering, physical pain, worry, embarrassment, humiliation, and mental distress. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and post litigation attorneys' fees which, but for the acts and omissions of the Defendants alleged herein, would not have been necessary. Further, the Defendants' acts and omissions were willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully demands damages of

and from Defendants Experian Information Solutions, Inc., Trans Union, LLC, and LexisNexis Risk Solutions, Inc., for their violations of the Fair Credit Reporting act in an amount to be determined by the jury as actual and compensatory damages, and further demands judgment for punitive damages in such amount as the jury may determine appropriate to deter this conduct in the future and as allowed by law, as well as attorneys' fees and litigation expenses.

Respectfully submitted, this the 9th day of November ~~October~~, 2017.

/s/ James E. Wade
James E. Wade, III
WadeLaw, P.A.
116 Bushnell Plaza
Bushnell, Florida 33513
(352) 568-2500
jameswade@wadelaw.us
Attorney for Plaintiff

/s/
Christopher E. Kittell
(*pro hac vice* motion forthcoming)
Kittell Law Firm
2464 Church Street, Suite A
P.O. Box 568
Hernando, MS 38632
(662) 298-3456
ckitttell@kittell-law.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, James E. Wade, III, hereby certify that I have on this the 9th day of ~~October~~ November, 2017, electronically filed the foregoing with the Clerk of the Court using the ECF system, which caused a copy to be served upon all counsel of record.

_/s/ James E. Wade_
James E. Wade, III